Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ESTHER LÓPEZ TORRES<br><br>Apelante<br><br>v.<br><br>NÉSTOR LÓPEZ LÓPEZ Y OTROS<br><br>Apelados | KLAN202500044 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.:<br>AG2024CV00771 (601)<br><br>Sobre: Dominio Contradictorio y Reanudación de Tracto |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm

Álvarez Esnard, jueza ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de febrero de 2025.

Comparece ante nos Esther López Torres ("señora López Torres" o "Apelante") mediante escrito intitulado *Alegato* presentado el 17 de enero de 2025 y nos solicita que revoquemos la *Sentencia* emitida el 17 de diciembre de 2024, notificada el 19 de diciembre del mismo año por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("foro primario" o "foro *a quo*"). Mediante el aludido dictamen, el foro *a quo* declaró *No Ha Lugar* una solicitud de sentencia sumaria y, en consecuencia, desestimó la *Demanda* sobre dominio contradictorio y reanudación de tracto instada por la Apelante.

Por los fundamentos que expondremos a continuación, **desestimamos** el presente recurso.

**I.**

El 14 de mayo de 2024, la señora López Torres presentó *Demanda* sobre dominio contradictorio y reanudación de tracto contra Néstor López López, María Eulalia López López (en

Número Identificador

SEN(RES)2025_____

conjunto, "los señores López López") y Juan Aldahondo, Jr., Ariel Jesús Rosa López, Edgar Rosa López y María Rosa López como herederos de estos.[1] Mediante esta, la Apelante alegó que era dueña privativamente y en pleno dominio de dos (2) fincas. Detalló que una de las fincas, la cual denominó propiedad número uno, tenía una cabida de mil setecientos noventa y siete punto tres mil cincuenta y cinco (1,797.3055) metros cuadrados, o cero punto cuatro mil quinientos setenta y dos (0.4572) cuerdas y un valor de diez mil dólares ($10,000.00).

Cónsono con lo anterior, la Apelante adujo que la propiedad número uno era una segregación de una finca de mayor cabida la cual constaba en el Registro de la Propiedad de Aguadilla con el número 9740. Sostuvo que esta finca, la propiedad número uno, la adquirió de Ariel Jesús Rosas López, Edgar Rosa López, María Rosa López, quienes eran herederos de María Eulalia López López, y Juan Aldahondo, Jr. Indicó que dicha adquisición se hizo en el 2019 mediante compraventa verbal por la suma de diez mil dólares ($10,000.00). Añadió que los dueños anteriores, los señores López López, adquirieron la aludida propiedad mediante escritura de segregación y adjudicación.

Asimismo, la Apelante arguyó que también era dueña de una segunda finca, la cual denominó propiedad número dos. Explicó que esta tenía una cabida de mil treinta y cuatro punto siete mil quinientos veinticinco (1,034.7525) metros cuadrados, o cero punto dos mil seiscientos treinta y dos (0.2632) cuerdas. Puntualizó que la finca poseía un valor de veinticinco mil dólares ($25,000.00) y, de igual manera, era una segregación de la finca 9740. Esbozó que, en cuanto a esta propiedad, la misma fue

---

[1] Véase, Apéndice del Recurso, Apéndice 1. Cabe aclarar que, conforme surge de la *Demanda*, María Eulalia López López, y Néstor López López fallecieron. De María Eulalia, heredaron sus hijos, Ariel Jesús, Edgar y María, todos de apellido Rosa López y de Néstor, heredaron los hijos de María Eulalia y Juan Aldohondo Jr., pues el causante nunca tuvo hijos y su patrimonio pasó a manos de sus sobrinos.

adquirida por la Apelante, mediante escritura de *Donación* hecha por los señores López López y Juan Aldahondo Jr.

De igual forma, de la *Demanda* se desprende que la señora López Torres argumentó que se encontraba en posesión material de las propiedades antes descritas, a título de dueña, quieta, pública, pacífica, de buena fe y sin interrupción desde que las adquirió. Igualmente, indicó que carecía de título inscribible de dominio para reanudar el tracto de las fincas antes descritas para poder inscribirlas a su nombre en el Registro de la Propiedad. Por lo tanto, le solicitó al foro primario que dictara sentencia justificando el dominio sobre las propiedades, emitiera una orden de segregación de estas fincas a favor de la Apelante, entre otros remedios.

En igual fecha que la Demanda, la Apelante presentó *Moción Solicitando Emplazamiento por Edictos*,[2] mediante la cual, explicó que desconocía la dirección física o postal de los demandados, por lo que solicitó que se le autorizara realizar el emplazamiento por edicto. Así las cosas, el 28 de mayo de 2024, el foro primario emitió *Orden* en la que autorizó el emplazamiento por edicto en un periódico de circulación diaria.[3]

Posteriormente, el 17 de junio de 2024, la Apelante presentó *Moción Solicitando Anotación de Rebeldía*.[4] Mediante la misma, informó que se tramitó el emplazamiento por edicto solicitado y que ya habían pasado treinta (30) días desde la publicación de este sin que hubiera alegación responsiva. Por este motivo, solicitó que se le anotara la rebeldía a la parte demandada. Evaluado este escrito, el 19 de junio de 2024, el foro *a quo* resolvió lo que sigue: "[s]e anota la rebeldía a la parte demandada".[5]

---

[2] Véase, SUMAC Entrada 3.
[3] Véase, SUMAC Entrada 4.
[4] Véase, SUMAC Entrada 7.
[5] Véase, SUMAC Entrada 8.

Subsiguientemente, el 6 de agosto de 2024, la Apelante presentó *Moción de Sentencia Sumaria*.[6] Mediante esta, alegó que conforme a cierta prueba documental que anejó a la moción, no existían hechos materiales en controversia que impedían resolver el presente caso por la vía sumaria. Por ello, en lo pertinente, le solicitó al foro primario a que ordenara al Registrador de la Propiedad, sección de Aguadilla, la segregación de los predios en controversia y la inscripción del dominio de dichas fincas a favor de la Apelante.

Así pues, el 17 de diciembre de 2024, el foro primario dictó *Sentencia*.[7] Mediante esta, concluyó que el historial jurídico de las fincas en cuestión tenía lagunas que impedían declarar la justificación del dominio de la Apelante sobre estas. Por consiguiente, declaró *No Ha Lugar* la moción de sentencia sumaria presentada por la señora López Torres, y se desestimó la demanda sin perjuicio. Cabe aclarar que dicha *Sentencia* se notificó por edicto el 19 de diciembre de 2024.[8]

Inconforme con este resultado, el 17 de enero de 2024, la Apelante presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al desestimar la demanda presentada ante señalamientos de incongruencia en los documentos ofrecidos.

Atendido el recurso, procedemos a resolver la controversia que está ante nuestra consideración.

---

[6] Véase, SUMAC Entrada 9.
[7] Véase, Apéndice del Recurso, Apéndice 9.
[8] Véase, SUMAC Entrada 13. La mencionada notificación hizo a lusión a las siguientes direcciones:
NESTOR LOPEZ LOPEZ -DIRECCION DESCONOCIDA MARIA EULALIA LOPEZ LOPEZ - DIRECCION DESCONOCIDA
JUAN ALDAHONDO, JR. - DIRECCION DESCONOCIDA
ARIEL JESUS ROSA LOPEZ - 5384 S. RIFLE COURT CENTENNIAL, COLORADO, 80015,
EDGAR ROSA LOPEZ -3361 HIGHRIDGE ST., LAS CRUCES, NEW MEXICO 88012
MARIA ROSA LOPEZ - 8607 57TH AVENUE, BERWYN HEIGTS, MARYLAND 20740

## II.

### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra,* 182 DPR 675, 682 (2011). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *García Ramis v. Serrallés,* 171 DPR 250, 254 (2007) (Énfasis en el original). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. Véase, *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855-856 (2009).

> Debido a que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir un caso o una controversia, su ausencia trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste abrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *SLG Solá-Moreno et al v. Bengoa Becerra,* supra. (Citas y elipsis omitidas).

Como corolario de ello, la Regla 83 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(C), nos faculta para desestimar un recurso por falta de jurisdicción, a iniciativa propia o a petición de parte.

### *B. Notificación a las partes*

Con el propósito de salvaguardar el derecho al debido proceso de ley, es indispensable la notificación a las partes contrarias del recurso presentado ante esta Curia para colocarlas en conocimiento de la solicitud de revisión de la decisión emitida por un tribunal de menor jerarquía. *Súarez Molina v. Com. Local*

*Cataño,* 205 DPR 642, 676 (2020); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Por ello, la falta de notificación a las partes incide en la jurisdicción del foro judicial, lo que impide que se pueda atender y adjudicar la controversia presentada y provoca la desestimación del recurso por parte foro apelativo. *Pérez Soto v. Cantera Pérez, Inc. et al.* 188 DPR 98, 105 (2013). Por consiguiente, la aludida notificación a las partes es uno de los requisitos imperativos para lograr el perfeccionamiento de los recursos apelativos y su inobservancia priva de jurisdicción al tribunal para atender el recurso en sus méritos. *Íd.,* pág. 106.

Conforme a lo anterior, la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13, dispone lo relacionado a la notificación a las partes. La misma establece lo siguiente:

(B) Notificación a las partes

(1) Cuándo se hará

**La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento**.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.

(2) Cómo se hará

La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas: correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

La notificación por correo se remitirá a los abogados o abogadas de las partes, o a las partes cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección y la parte estuviere representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo.

La notificación por entrega personal se hará poniendo el documento en las manos de los abogados o abogadas que representen a las partes, en las de la parte, según sea el caso, o entregarse en la oficina de los abogados o las abogadas a cualquier persona a cargo de la misma. De no

estar la parte o las partes representadas por abogado o abogada, la entrega se hará en el domicilio o a la dirección de la parte o las partes según surja de los autos, o a cualquier persona de edad responsable que se encuentre en la misma.

La notificación mediante telefax deberá hacerse al número correspondiente de los abogados o las abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto tal número al tribunal y así surja de los autos del caso ante el Tribunal de Primera Instancia.

La notificación mediante correo electrónico deberá hacerse a la dirección electrónica correspondiente de los abogados o abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto al tribunal una dirección electrónica y así surja de los autos del caso ante el Tribunal de Primera Instancia.

(3) Constancia de la notificación

Se considerará que la fecha de la notificación a las partes es la que conste en el certificado postal como la fecha de su depósito en el correo.

Si la notificación se efectúa por correo ordinario, la fecha del depósito en el correo se considerará como la fecha de la notificación a las partes.

Se considerará que la fecha de la notificación a las partes es la que conste del documento expedido por la empresa privada que demuestre la fecha en que ésta recibió el documento para ser entregado a su destinatario.

Cuando la notificación se efectúa por correo ordinario, entrega personal, telefax o correo electrónico, será válida si no hubiere controversia sobre la fecha de la notificación ni sobre el hecho de haber sido recibida por su destinatario. Se entenderá que las partes que incluyan la información del número de telefax o la dirección electrónica en los autos del caso ante el Tribunal de Primera Instancia consienten a ser notificados por estos medios.

Cualquier parte o su abogado o abogada podrá darse por notificada haciéndolo así constar al tribunal. (Énfasis nuestro).

Cabe señalar que dicha notificación a las partes se debe hacer incluso a **aquellas partes que estén en rebeldía por incomparecencia.** Así lo resolvió el Tribunal Supremo de Puerto Rico en *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062 (2019). En dicho caso nuestra Máximo Foro concluyó que:

[C]uando una parte solicita la revisión de un dictamen o resolución emitido por el Tribunal de Apelaciones la parte debe perfeccionar el recurso conforme a las leyes y los reglamentos aplicables, lo que permitirá a ese foro tener jurisdicción sobre la controversia en cuestión. *Es requisito jurisdiccional que la parte peticionaria del recurso notifique la presentación del mismo a todas las partes en el pleito. Ello incluye a las partes que se encuentren en rebeldía* (Énfasis en el original). *Íd.* pág. 1073.

Del mismo modo, nuestra más Alta Curia expresó, citando al tratadista José Cuevas Segarra: **"lo contemplado en la Regla 67 de Procedimiento Civil, *supra*, en relación con la notificación de escrito a las partes en rebeldía por falta de comparecencia no debe ser de aplicación a los recursos de apelación o de *certiorari* que se incoen por las partes en determinado litigio"**. *Íd.*, pág. 1070, citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1884.

Por otro lado, como es conocido, los términos de cumplimiento estricto deben satisfacerse rigurosamente a no ser que se demuestre detalladamente la existencia de justa causa. *Lugo Suárez*, 165 DPR 729, 738 (2005). Así pues, aun cuando el foro judicial carece de discreción para prorrogar el término de cumplimiento estricto, existen condiciones excepcionales, las cuales, explicadas de forma concreta y particular, permitirían al tribunal concluir que la demora ocurrió, debido a una circunstancia especial. *Íd.* "No es con vaguedades, excusas, o planteamientos estereotipados que se cumple con el requisito de justa causa". *Arriaga v. F.S.E.*, 145 DPR 122, 132 (1998). En ausencia de justa causa, este Foro Apelativo carece de discreción para eximir del cumplimiento con el término dispuesto en el Reglamento del Tribunal de Apelaciones, *supra*.

**III.**

Previo a atender los méritos del recurso, esta Curia tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso ante su consideración. Efectuado tal ejercicio, notamos que este foro carece de jurisdicción para atender el presente caso, por tal razón, no tenemos otra alternativa que desestimarlo. Veamos.

Conforme surge de los autos, el 19 de junio de 2024, el foro primario le anotó la rebeldía a la parte aquí apelada, pues tras habérsele emplazado por edicto, ninguno de estos presentó

alegación responsiva. Luego de emitirse el dictamen apelado, el 19 de diciembre de 2024, el foro primario notificó la *Sentencia* por edicto. Oportunamente, la Apelante presentó su recurso ante este foro apelativo intermedio el 17 de enero de 2025. En su escrito, la señora Pérez Torres expresó lo siguiente: "[c]onforme a la regla 67.1 de las de Procedimiento Civil y al Tribunal Supremo de Puerto Rico en *Bco. Popular v. Andino Solís*, 192 DPR 172, 180 (2015) no será necesario notificar el presente escrito a las partes demandadas puesto a que las misma se encuentran en rebeldía por incomparecencia".

Nótese que es la propia Apelante la que admite que no notificó a las demás partes y justificó su proceder con una interpretación tanto de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., como de cierta jurisprudencia. No obstante, a la señora López Torres no le asiste la razón. En *Bco. Popular v. Andino Solís*, supra, nuestro más Alto Foro discute los efectos de la anotación de rebeldía por incomparecencia a tenor con la Regla 67.1 de Procedimiento Civil, *supra*. Sin embargo, dicha discusión se circunscribe específicamente al procedimiento a nivel de foro primario. En *González Pagán v. SLG Moret-Brunet, supra,* el Tribunal Supremo clarifica que es **requisito jurisdiccional** que la parte apelante **"notifique la presentación del mismo a todas las partes en el pleito. Ello incluye a las partes que se encuentren en rebeldía"** (Énfasis nuestro) *Íd.*, pág. 1073. De hecho, dicho caso discute que lo contemplado en la Regla 67 de Procedimiento Civil, en torno a la notificación de los escritos en rebeldía por falta de comparecencia, **no debe aplicar a los recursos de apelación**. *Íd.*, pág. 1070.

En ese sentido, la justificación ofrecida por la Apelante para obviar la notificación de las demás partes se fundamentó esencialmente en una interpretación errónea del derecho. Siendo

10

ello así, un recurso apelativo que no se notifica a todas las partes, priva de jurisdicción a este Tribunal para ejercer su facultad revisora. *Íd.*, pág. 1071-1072. Por consiguiente, es forzoso concluir que el recurso de epígrafe no se perfeccionó adecuadamente, por lo que carecemos de jurisdicción para atenderlo. Por ello, corresponde desestimarlo.

## IV.

Por los fundamentos expuestos, **desestimamos** el recurso de epígrafe por falta de jurisdicción

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones